SECOND DIVISION
May 6, 2008

No. 1-07-1368

| | | |
|---|---|---|
| In *re* DONTRELL H., Minor, | ) | Appeal from the |
| | ) | Circuit Court of |
| | ) | Cook County |
| (Matthew D. Cohen, | ) | |
| Petitioner-Appellee, | ) | No. 05 JD 5917 |
| | ) | |
| v. | ) | |
| | ) | Honorable |
| The Board of Education of the City of Chicago, | ) | Noreen Daly, |
| Respondent-Appellant). | ) | Judge Presiding. |
| | ) | |

JUSTICE KARNEZIS delivered the opinion of the court:

Respondent Board of Education of the City of Chicago (the Board) appeals from an order awarding petitioner, Matthew D. Cohen (Cohen) attorney fees. On appeal, the Board argues: (1) the trial court exceeded its subject matter jurisdiction by granting Cohen attorney fees because Cohen is not authorized to file a supplemental petition in this delinquency matter; and (2) the trial court violated the defendant's right to due

process by refusing to allow it to present any evidence on the issues of willful disregard or the reasonableness of attorney fees.

Background

This appeal arises out of a delinquency proceeding commenced on October 26, 2005, in which D.H. was charged with theft of property valued at $300 or less on the grounds of a Chicago public school. At the time of the charge, D.H. was 12 years old and a seventh grade student in a special education classroom at Emmett Till School. At an October 2005 hearing, the judge entered an order finding D.H. "guilty as to count(s) 1, supervision." On January 9, 2006, the judge entered a sentencing order which stated "no finding of guilty entered. The minor is placed on supervision of a period of 12 months." As part of the court ordered supervision, D.H. was ordered to remain in school and to perform community service. To assist D.H. with his educational needs, he was referred to probation officer Kevin Hickey, who was an educational advocate. On April 10, 2006, the court found that D.H. was attending school and had completed his 15 hours of community service. In May of 2006, D.H. was evaluated by Dr. Pasulka, a private psychologist, who recommended that D.H. attend a therapeutic day school and receive individual assistance and services to address his behavioral and emotional needs.

On June 8, 2006, the Board held an annual meeting to review D.H.'s "Individual Education Program" (IEP), including consideration of therapeutic day school. During the meeting, D.H.'s mother, Theresa Boswell, expressed concerns that her son was not

receiving adequate instruction in reading and math, that his behavior had become significantly worse and that a therapeutic setting was necessary for D.H. to receive a free appropriate public education. The Board denied Boswell's request for therapeutic day school because a behavior intervention plan needed to be implemented. However, the Board indicated that D.H. would remain in his current full-time special education classroom at Emmett Till School and continue to receive one-on-one direct services with the social worker privately due to confidentiality issues. The Board did admit that D.H.'s special education services were interrupted because there was no behavior intervention plan in place and that the decision regarding compensatory services would be "deferred pending completion of FIE—referred for summer assessment."

In June and July of 2006, progress reports were made to the court. The court found that D.H.'s IEP was not done, stating that "the Bd. of Ed. not in compliance – CS [community service] being done with mother." The court also found that D.H. was attending school and presenting no problems at home. The July progress reported stated that D.H.'s "staffing is today. He passed the 8th grade."

On July 21 2006, the Board reconvened to review assessments requested by Ms. Boswell and probation officer Hickey. The Board again rejected Ms. Boswell and Mr. Hickey's request for therapeutic day school until a behavior intervention plan was implemented into the classroom. The Board stated that D.H.'s placement in regular education was also not appropriate because he "displays significant behavior concerns that would interfere with educational process." The IEP team also noted that D.H. was easily distracted and emotionally immature. The July IEP did not list any compensatory

services, which was contradictory to the June IEP which stated that compensatory services would be determined after D.H's summer assessment.

On August 2006, Ms. Boswell retained Monahan & Cohen. On September 25, 2006, the court found that "after 5 IP [IEP] meetings, the current IP [IEP] was incorrect and due process was going to be filed because as of September 22, the IEP had not been fully implemented." On October 16, 2006, Matthew Cohen on behalf of D.H. and Ms. Boswell, requested a due process hearing from the Illinois State Board of Education to address the deficiencies in D.H.'s IEPs and the inadequacies of the Board's educational placement of D.H. At the December 5, 2006, mediation session, Ms. Boswell and Chicago Public Schools agreed to place D.H. in a mutually acceptable therapeutic day school. The parties also agreed that an IEP conference would meet 30 days after such placement to determine additional therapeutic services. Upon D.H.'s placement, Ms. Boswell agreed to withdraw her due process request.

On January 8, 2007, attorney Cohen filed a supplemental petition for attorney fees and costs in the juvenile court, asking the court to award fees and costs from the Board totaling $11,826.50 for the period of August 2006 through December 2006. In addition to fees, the petition asked the court to "add the Board of Education of the City of Chicago * * * as a part[y] to this action." Cohen contended that Ms. Boswell had retained Monahan & Cohen "because [D.H.] was not receiving an appropriate special education from the Chicago Public Schools (CPS) [sometimes referred to as "the Board of Education for the City of Chicago"] and CPS had failed to provide D.H. with any compensatory services." Petitioner also asserted that CPS "refused to consider therapeutic day school placement for D.H. until Monahan & Cohen became involved in the case." Finally, petitioner argued that fees were appropriate pursuant to section 14-

8.02a(i) of the Illinois School Code (105 ILCS 5/14-8.02a(i) (West 2006)) in this case because "on information and belief, [the Board] willfully failed to provide D.H. with compensatory services."

On January 9, 2007, D.H.'s supervision was terminated satisfactorily and the juvenile delinquency case was closed. Also, on January 9, 2007, the court granted a continuance allowing the supplemental petition for fees to be served on CPS. The Board was served with the summons and petition on January 17, 2007. Then, on January 30, 200, the Board appeared in juvenile court and a briefing schedule regarding the petition was established by the court. The Board then filed a notice of removal to federal court on February 13, 2007. On behalf of Ms. Boswell, Monahan & Cohen filed a motion to remand, arguing that the claim involved only state law. The federal court granted the motion and remanded the case back to the juvenile court. The Board appeared in juvenile court again on March 28, 2007, and a new briefing schedule regarding the supplemental petition was set.

On April 4, 2007, the Board filed its response seeking dismissal of the petition. However, the supplemental petition for attorney's fees was granted on April 23, 2007. The court found that the juvenile court had jurisdiction over the petition and that it was within the court's discretion to award attorney fees even in cases where willfulness has not been established. Counsel for the Board asked if "the fact that the Board has never been able to defend itself against a willful claim matter[ed]." The court, relying on case law, responded that it did not matter. On May 21, 2007, the Board filed a notice of appeal of the April 23, 2007, order.

A. Subject Matter Jurisdiction

The Board initially argues that the trial court exceeded its subject matter jurisdiction by granting relief that is not contemplated by the Juvenile Court Act of 1987 (the Act) (705 ILCS 405/1-1 *et seq*. (West 2004)) to a person who is not authorized to file a supplemental petition in this delinquency matter.  In short, the Board argues that the order granting attorney fees is void because the juvenile court lacked subject matter jurisdiction over the supplemental petition.

Subject matter jurisdiction refers to a court's power to adjudicate the general question involved and to grant the relief requested.  *In re M.M.*, 156 Ill. 2d 53, 64 (1993).

The circuit court enjoys, with limited exceptions, "original jurisdiction of all justiciable matters."  Ill. Const. 1970, art. VI, §9.  While the legislature may not limit the circuit court's original jurisdiction to hear a justiciable matter, it may create a justiciable matter by creating rights and duties that have no counterpart in common law or equity.  *M.M.*, 156 Ill. 2d at 65.

The Act (705 ILCS 405/1-1 *et seq*. (West 2004)) is defined solely by the legislature; there is no counterpart in common law.  *In re Vanessa C.*, 316 Ill. App. 3d 475, 479 (2000).  Consequently, the circuit court's authority may be limited or precluded by the legislature's definition of a justiciable matter.  *In re A.H.*, 195 Ill. 2d 408, 416 (2001).  Where a court's power to act is controlled by statute, the court is governed by the rules of limited jurisdiction.  *Vanessa C.*, 316 Ill. App. 3d at 479.  Therefore, courts exercising jurisdiction over the Act must comply and proceed within the strictures of the statute.  *Vanessa C.*, 316 Ill. App. 3d at 479.  Any action taken by the court that exceeds the jurisdiction granted by the Act is void and may be attacked at any time.  *In re Estate of Steinfeld*, 158 Ill. 2d 1, 12 (1994).

The Board argues that the juvenile court did not have jurisdiction to order it to pay D.H.'s attorney fees because it was never a party to the underlying delinquency proceeding and could not be brought into the proceedings at a later date. The Board does concede that it was notified of the proceedings to hold it financially responsible for the D.H.'s attorney fees, did appear in court and did seek to have the matter removed to federal court.

Section 5-525 of the Act provides that upon the commencement of a delinquency prosecution, a summons with a copy of the petition attached "shall be directed to the minor's parent, guardian or legal custodian and to each person named as a respondent in the petition." 705 ILCS 405/5-525(a) (West 2004). Furthermore, section 1-5(2)(a) of the Act specifically provides:

"Though not appointed guardian or legal custodian or otherwise made a party to the proceeding[s], any current or previously appointed foster parent or relative caregiver, or representative of an agency or association interested in the minor has the right to be heard by the court, *but does not thereby become a party to the proceeding.*" (Emphasis added.) 705 ILCS 405/1-5(2)(a) (West 2004).

Certainly, pursuant to section 1-5(2)(a), the Board was not a necessary *party* to the delinquency proceedings and therefore was not required to receive notice of the commencement of the delinquency proceedings. However, that does not mean it is to be excluded entirely. Clearly, pursuant to section 1-5(2)(a) the juvenile court, while maintaining subject matter jurisdiction over the minor's delinquency proceeding, may hear from an agency, in this case the Board, without the Board having to be named as a party to the proceedings. Hence, the juvenile court's order requiring the Board to pay

for D.H.'s attorney fees was not void for lack of subject matter jurisdiction for the failure to join the Board as a party.

The Board next claims that the Act only allows for the filing of supplemental petitions in two instances: (1) alleging new offenses; and (2) alleging violations of orders entered by the court in the delinquency proceedings. 705 ILCS 405/5-520(4) (West 2004). The Board asserts that the supplemental petition for attorney fees served neither purpose and therefore was not authorized by the Act. We disagree.

An argument can be made that section 5-520(4) specifically allowed counsel's supplemental petition in this case. A juvenile court judge retains jurisdiction over the wardship and sentencing aspects of the minor's case until the minor reaches the age of 21 or the judge enters a final order closing the case and discharging the minor. 705 ILCS 405/5-755(1), (2), (3) (West 2004). The continuing jurisdiction of the juvenile court is designed to promote rehabilitation by allowing the court to monitor the juvenile and to modify the dispositional order as need be. 705 ILCS 405/5-101(1)(c), (2)(h), 5-710(3), 5-715(l) (West 2004).

In this case, the trial court had continuing jurisdiction to enforce its own order placing D.H. on supervision. As a condition of that order, D.H. was ordered to attend school. To see to his educational needs, D.H. was assigned probation officer Hickey to act as his educational advocate. As a result, CPS became involved in creating IEPs for D.H., to address his education needs in conjunction with his behavioral and learning difficulties. After CPS failed at instituting an appropriate IEP for D.H., some action had to be taken to ensure that D.H.'s educational needs were being met. Attorney Cohen essentially filed a supplemental petition in the juvenile court informing the court that a violation of the court's order had occurred and informing the court that steps had been

taken to ensure that the court's order would be complied with. While not a traditional supplemental petition, it served as notice to the court nonetheless that its order had been violated. Therefore, we find that the juvenile court had subject matter jurisdiction over the petition for attorney's fees.

## B. Due Process

The Board next argues that the court's order violated due process because the Board was not given the right to present evidence on the issues of willful disregard or the reasonableness of attorney fees before it was entered.

In this case, the court awarded attorney fees to Cohen and against the Board pursuant to section 14-8.02a(i) of the Illinois School Code (105 ILCS 5/14-8.02a(i) (West 2006)), without a hearing. Section 14-8.02a(i) provides in relevant part:

 "In any instance where a school district willfully disregards applicable regulations or statutes regarding a child covered by this Article, and which disregard has been detrimental to the child, the school district shall be liable for any reasonable attorney's fees incurred by the parent in connection with [the] proceedings under this Section." 105 ILCS 5/14-8.02a(i) (West 2006).

The trial court, relying on *Reid v. Board of Education, Lincolnshire-Prairie View School. District 103*, 765 F. Supp. 965 (N.D. Ill. 1991), found that despite the language in section 14-8.02a(i), a finding of willfulness was not necessary in order to grant the motion for attorney's fees.

In *Reid*, the court noted that Illinois law only *requires* the award of attorney's fees in particular situations, *i.e.*, when the school district's harmful conduct is willful. However, the court found that section 14-8.02a(i) does not prohibit the award of

attorney fees in all other situations.  The *Reid* court held that a court has the discretion to award attorney fees in situations where there is no evidence that the school district willfully harmed the minor by denying him certain school rights.  *Reid*, 765 F. Supp. at 969.

Assuming that the School Code is applicable in this case given the events that occurred (*i.e.*, having to file a due process hearing request to ensure that the court's order was complied with), we find the holding in *Reid* to be unpersuasive.  At the forefront, we note that Illinois courts are not bound by federal cases interpreting state law.  *Sundance Homes, Inc. v. County of DuPage*, 195 Ill. 2d 257, 276 (2001). However, we are bound to interpret and apply statutes in the manner in which they are written, and we can neither restrict nor enlarge the meaning of an unambiguous statute. *Henrich v. Libertyville High School*, 186 Ill. 2d 381, 394-95 (1998).

Neither party argues, nor do we find section 14-8.02a(i) to be ambiguous. Consequently, we must interpret and apply that section as it was written and intended by the legislature. *Henrich,* 186 Ill. 2d at 394-95.   A plain reading of section 14-8.02a(i) mandates that before attorney fees can be awarded, the court must make a finding that the school district "willfully" disregarded educational regulations or statues regarding the child to his or her detriment and that the attorney fees are reasonable.

Given that the trial court awarded attorney fees to Cohen without making either of these findings, we remand this cause to the juvenile court for proceedings consistent with this order.

Reversed and remanded.


SOUTH and HALL, J.J., concur.